IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **COURTNEY WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **TEK-COLLECT INCORPORATED,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, COURTNEY WHITE, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, TEK-COLLECT INCORPORATED, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  COURTNEY WHITE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Virginia, County of Cass, State of Illinois.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Endress Property Management (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed to Endress Property Management was for unpaid rent and cleaning/damage repair costs at Plaintiff's previous primary residence.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. TEK-COLLECT INCORPORATED, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Ohio.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. On or about April 9, 2013, Defendant sent Plaintiff correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Endress Property Management.

15. The aforesaid correspondence stated that unless Defendant either received the balance in full, or a phone call upon receipt of the correspondence by no later than April 20, 2013, Defendant would request authorization to forward the account to an attorney for legal action.

16. On or about April 15, 2013, Plaintiff initiated a telephone call to Defendant and left a voicemail message.

17. Plaintiff received a telephone call back from a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff to Endress Property Management.

18. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff informed Defendant that he wanted verification of the Debt.

19. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff further informed Defendant that he disputed the Debt.

20. In response, Defendant informed Plaintiff that he needed to contact Endress Property Management directly in order to dispute the Debt.

21. Defendant's aforesaid representation to Plaintiff, that he needed to contact Endress Property Management directly in order to dispute the Debt, was false, deceptive, and misleading given a consumer may dispute a debt with the directly debt collector. Moreover, it is the debt collector's obligation to provide the consumer with verification of the alleged debt pursuant to section 15 U.S.C. §1692g(b).

22. In its attempts to collect the debt allegedly owed by Plaintiff to Endress Property Management, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COURTNEY WHITE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**COURTNEY WHITE**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: July 22, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com